UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNETTA MOORE,

        Plaintiff,                         Case No. 1:05-CV-107

v                                                  Hon. Hugh W. Brenneman, Jr.

DOLGENCORP, INC.,

        Defendant.
_____/

**FINAL PRETRIAL ORDER**

        Subject to the modifications to the proposed final pretrial order (docket no. 41) made at the Final Pretrial Conference on May 15, 2007, the proposed final pretrial order is adopted as the Final Pretrial Order of the court.

        The modifications are as follows:

**Exhibits:**

        Plaintiff's Exhibit 1 will be limited to those portions deemed relevant and discussed at trial.

        Plaintiff's Exhibit 2, personnel schedules for the period of plaintiff's employment as a manager at the Benton Harbor Dollar General Store from July 2002 to February 2003, have been withdrawn.

        Plaintiff's Exhibits 3 through 5 will be discussed by the parties individually prior to trial and, if necessary, will be ruled upon by the court on a document-by-document basis.

        Plaintiff's Exhibit 6 may be admitted as to damages.

        Plaintiff's exhibit 7. Plaintiff will agree to forego offering police report as an exhibit if the parties can stipulate that she made the report to the police which is reflected in the report. There may be a separate issue to be determined at the time of trial as to whether the fact of plaintiff's report to the police is relevant in the first instance. If the fact is relevant, and the

parties do not stipulate that plaintiff made a report to the police, plaintiff may have to provide a foundation for the police report itself.

Defendant's exhibits are admitted without objection.

**Uncontroverted Facts:**

The uncontroverted facts beginning on page 4 of the proposed final pretrial order have been stipulated to by the parties and will be read by the court to the jury at the outset of the case.

**Non-Expert Witnesses:**

There are no objections to any of plaintiff's witnesses not objected to in the report itself.

- Darrick Moore, whose testimony is unlikely, will testify only as to damages.

- Regina Leslie will testify only as to damages.

- Witnesses Sheria Randolph, Karl Cotton, Eloise Patton, Cheryl Tollas, Terri Glasgow, Gwendolyn Baird, Katrina Gatlin, and Vincent Evans will be called by plaintiff only in rebuttal.

There are no objections to defendant's witnesses.

**Expert Witnesses:**

Defendant will offer no expert witness.

Plaintiff's witness has extensive pastoral counseling experience but no degree as a counselor.

Defendant objects to Taylor being called as an expert witnesses, but has no objection to Taylor's testimony regarding damages as a non-expert witness.  Plaintiff reserves Taylor as a lay witness if not qualified as an expert.  At the time of the Final Pretrial Conference, a briefing schedule was set out on the issue of whether Taylor qualified as an expert witness.

Plaintiff having filed no brief by the May 30, 2007 deadline, Taylor will be precluded from testifying as an expert.

The parties have filed motions in limine. The court expects to announce its rulings on these motions on October 9, 2007, prior to commencement of trial.

Trial will commence on October 9, 2007 at 8:30 a.m. when counsel will meet with the court. Voir Dire will begin at 9:00 a.m. It is estimated this will be a 5-day trial running from 9:00 a.m. to 5:00 p.m. each day, although the court reserves the right to rearrange the schedule on a daily basis as necessary.

IT IS SO ORDERED.

Dated:  July 27, 2007                                         /s/ Hugh W. Brenneman, Jr.
                                                                          HUGH W. BRENNEMAN, JR.
                                                                          United States Magistrate Judge